No. 56309.—Osaki Shoten, Ltd. v. United States, protest 8157–K (Honolulu).

Mollison, Judge:   The merchandise the subject of this protest is described on the invoice as "rubber boots" and was assessed with duty at the rate of 35 percent ad valorem under the provision in paragraph 1530 (e) of the Tariff Act of 1930 for—

* * * boots, shoes, or other footwear (including athletic or sporting boots and shoes), the uppers of which are composed wholly or in chief value of wool, cotton, ramie, animal hair, fiber, rayon or other synthetic textile, silk, or substitutes for any of the foregoing, whether or not the soles are composed of leather, wood, or other materials * * *.

The protest claim is for duty at the rate of 25 percent ad valorem under paragraph 1537 (b) of the same act "as rubber footwear."   As originally enacted and as it was in force and effect at the time of importation of the boots here in question, the said paragraph did not contain specific provision for "rubber footwear," the actual provision being for "Manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value, not specially provided for."   It is noted, however, that the Presidential proclama-

tion under section 336 of the Tariff Act of 1930, reported in T. D. 46158 (and effective at the time of importation of the merchandise in issue), changed the basis of assessment of duty on "boots, shoes, or other footwear, wholly or in chief value of india rubber, provided for in paragraph 1537 (b)" of the Tariff Act of 1930 to the American selling price thereof as defined in section 402 (g) of the same act.

A sample, marked plaintiff's exhibit 1, was offered and received in evidence without objection as representing the merchandise in issue, and the protest was submitted for decision upon the following stipulation of counsel:

(1) That the merchandise herein involved, which was assessed with duty at the rate of 35 percent ad valorem under paragraph 1530 (e), Tariff Act of 1930, and is represented by the items marked "A" on the invoice and initialed LFB by Examiner L. F. Brewer consists of boots which are composed in chief value of india rubber and in which the uppers are likewise in chief value of india rubber.

(2) That the official files herein may be admitted in evidence and that upon this record this protest may be deemed to be submitted.

An examination of exhibit 1 reveals it to be a common type of calf-length rubber boot, the upper of which is lined with what appears to be cotton felt. An examination of the official files, which were received in evidence, shows that the assessment of duty under the provisions of paragraph 1530 (e), *supra*, was based upon the assumption that the uppers of the boots in question were composed in chief value of cotton. This is refuted by paragraph (1) of the stipulation quoted above, and it would therefore appear that the basis upon which the collector's classification was made was erroneous.

On the question of whether the uppers of the boots in question, although in chief value of rubber, are, nevertheless, in chief value of a substitute for wool, cotton, etc., named in paragraph 1530 (e), *supra*, it would appear from an examination of exhibit 1 that it is a type of boot the uppers of which are commonly composed of rubber and not of wool, cotton, ramie, animal hair, fiber, rayon or other synthetic textile, or silk, so that the rubber is not present as a substitute for any of those materials.

Upon the entire record, we are satisfied that the proper classification of the boots in question is under the provision in paragraph 1537 (b) of the tariff act for manufactures in chief value of india rubber, as modified by the Presidential proclamation reported in T. D. 46158, *supra*. Judgment will therefore issue sustaining the protest claim accordingly.